**FILED**

**April 28, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:25AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| **WAYNE HOUGHTON,** | ) | **Docket No. 2016-02-0494** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 43855-2016** |
| **CENTRAL HEATING AND AIR** | ) | |
| **Employer,** | ) | |
| **And** | ) | **Judge Brian K. Addington** |
| | ) | |
| **NATIONWIDE,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

This matter came before the undersigned Workers' Compensation Judge on April 25, 2017, upon the Request for Expedited Hearing filed by Wayne Houghton for medical and temporary disability benefits. The central legal issues are whether Central Heating and Air improperly denied medical benefits and/or failed to pay temporary disability benefits. The Court holds Mr. Houghton has not come forward with sufficient evidence to establish he is likely to prevail at a hearing on the merits that he is entitled to additional medical or temporary disability benefits. Therefore, he is not entitled to the requested medical and temporary disability benefits.

### History of Claim

Mr. Houghton, a resident of Gray, Tennessee, worked as a service technician for Central. On September 3, 2014, Mr. Houghton suffered an injury to his low back and later suffered heart-related issues.[1] Mr. Houghton underwent treatment by authorized doctors including Dr. Benjamin Knox for back complaints and Dr. Vipul Brahmbhatt for heart-related issues.

---

[1] Mr. Houghton did not explain how he was injured or the injury he suffered, but the issue of compensability was not before the Court because the mediator did not check "compensability" as an issue on the Dispute Certification Notice.

1

Dr. Knox placed Mr. Houghton at maximum medical improvement on March 30, 2016, and requested an FCE to help him determine work restrictions and medical impairment. Central scheduled three FCEs for Mr. Houghton, which he refused to attend for various reasons. To date, Dr. Knox has not assigned restrictions or assessed medical impairment.

Dr. Brahmbhatt placed Mr. Houghton at maximum medical improvement for his heart-related issues on January 11, 2017, and found he suffered no permanent impairment and could return to work without restrictions.

*Mr. Houghton's Assertions*

Mr. Houghton asserted that Central/Nationwide has consistently delayed his recovery by denying requested treatment and stopping his temporary disability benefits. Mr. Houghton pointed to dates of appointments and physician statements or orders that indicate Nationwide has interfered with his treatment. Mr. Houghton specifically requested: 1) continued medical coverage; 2) retroactive temporary total disability payments because he is not at MMI; 3) an FCE by an independent physician; 4) withdrawal of the authorized physicians' MMI opinions until his rehabilitation is over; 5) vocational rehabilitation because he cannot perform his vocation any longer; and, 6) continued heart treatment when the case is concluded.

*Central's Version of Events*

Central asserted that it has paid all of authorized providers and authorized all recommended medical treatment as of the date of the hearing. It acknowledged that some requests underwent utilization review but that all treatment was eventually authorized. Central asserts the delay in this case is somewhat Mr. Houghton's fault for repeatedly cancelling his FCEs.

**Findings of Fact and Conclusions of Law**

As in all workers' compensation actions, Mr. Houghton, as the claimant, has the burden of proof on all essential elements of his claim. Tenn. Code Ann. § 50-6-239(c)(6) (2016); *see also Buchanan v. Carlex Glass Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Sept. 29, 2016). He need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2016). However, at an expedited hearing, Mr. Houghton has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*

2

Mr. Houghton admitted on cross examination that there were no outstanding medical bills from authorized treatment and no treatment recommended that Central has not authorized. The Court, therefore, holds Mr. Houghton has not come forward with sufficient evidence that he is likely to succeed at a hearing on the merits for issues concerning medical benefits.

As for temporary disability benefits, Mr. Houghton argued entitlement to past and ongoing temporary disability benefits. He based this claim on the fact that Central continued to pay temporary benefits when one of his physicians placed him at MMI. Although that is true, his other authorized physician had not placed him at MMI, and thus Central paid temporary benefits until the last physician placed him at MMI.

The Workers' Compensation Law is clear that temporary benefits end when all the physicians treating an injured worker place the worker at MMI and any temporary benefits paid past that date are credited against an employee's permanent benefits. *See* Tenn. Code Ann. § 50-6-207(E) (2016). Although Mr. Houghton does not believe he is at MMI, he did not present any expert medical opinion to support that belief. His personal belief is insufficient to overcome the opinions of the authorized physicians. Thus, the Court holds Mr. Houghton has not come forward with sufficient evidence to demonstrate that he is likely to succeed at a hearing on the merits as to his entitlement to additional temporary disability benefits.

Based on the above findings, the Court denies Mr. Houghton's request for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Houghton's request for temporary disability and medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on June 21, 2017, at 10:00 a.m. Eastern Time. The parties must call 855-943-5044 toll-free to participate in the hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

ENTERED this the 28th day of April, 2017.


/s/ Brian K. Addington
**Judge Brian K. Addington**
**Court of Workers' Compensation Claim**

3

## APPENDIX

<u>Exhibits:</u>
1. Affidavit of Mrs. Sharon Houghton
2. Affidavit of Mr. Houghton
3. January 27, 2015 medical note-Dr. Knox
4. Position statement of Central (for identification only)
5. Email from Nationwide to Bureau (for identification only)
6. Mr. Houghton letter to Court Clerk
7. Email from Nationwide to Ms. Houghton
8. November 3, 2015 medical report-Dr. Knox
9. Final Medical Report-Dr. Knox
10. Email from Nationwide to Ms. Houghton
11. Emails between Ms. Houghton and Nationwide (for identification only)
12. Emails between Ms. Houghton and Nationwide
13. Partial email between Ms. Houghton and Dr. Knox's office (for identification only)
14. Emails between Ms. Houghton and Nationwide
15. August 2, 2016 medical note-Dr. Knox
16. August 24, 2016 medical note-Dr. Brahmbhatt
17. January 11, 2017 medical note-Dr. Brahmbhatt
18. Final Medical Report-Dr. Brahmbhatt
19. February 21, 2017 medical note-Dr.Vijay Ramu
20. Letter-Dr. Matthew Gary
21. Photo of Mr. Houghton taken May 15, 2013

<u>Technical Record</u>
1. Dispute Certification Notice, February 17, 2017
2. Petition for Benefit Determination, January 26, 2017
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28 day of April, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Wayne Houghton | X | | | 831 Shadden Road<br>Gray, TN 37615<br>Grammypapa7@yahoo.com |
| Lynn Lawyer, Esq.<br>Employers' Attorney | | | X | LAWYEL2@nationwide.com |

/s/ Penny Shrum
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**